# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DARRELL JACO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-CV-55 NAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Darrell Jaco's ("Jaco") application for disability insurance benefits and supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will reverse and remand the Commissioner's decision.

I. **Issues for Review**

Jaco presents the following issues for review. First, Jaco contends that the administrative law judge's ("ALJ") residual functional capacity ("RFC") determination is not supported by evidence in the record and is based on the ALJ's "layperson interpretation" of the record, because there is no opinion regarding his physical functional limitations. Second, Jaco contends

that the ALJ's RFC determination did not include limitations for his severe impairments of chronic obstructive pulmonary disease ("COPD") and cervical radiculopathy. Third, Jaco asserts that the ALJ was required to obtain testimony from a vocational expert. Fourth, Jaco states that the ALJ failed to properly determine his credibility. The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole.

## II.     Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

2

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

**III.     Discussion**

The ALJ found that Jaco had the severe impairments of status post back surgeries, degenerative disc disease of the cervical and lumbar spines, COPD, and cervical radiculopathy. (Tr. 13.) The ALJ also found that Jaco had the RFC to perform light work, except that he was limited to occasional overhead reaching bilaterally. (Tr. 14.)

   **A.     Credibility**

First, Jaco contends that the ALJ did not properly assess his credibility, because the ALJ misinterpreted the evidence regarding his renewal of his hunting and fishing licenses and his activities of daily living. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
> (3) Any precipitating or aggravating factors;
> (4) The dosage, effectiveness, and side effects of any medication; and
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* "Although an ALJ may not discredit a claimant's subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006). The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v.*

3

*Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

In this case, the ALJ found that Jaco was not credible for several reasons. First, the ALJ noted that Jaco had violated his narcotics agreement with the pain management clinic. (Tr. 15.) The ALJ also noted that Jaco had a history of felony possession of controlled substances. (Tr. 15.) In evaluating Jaco's testimony, the ALJ determined that his testimony regarding the positive drug screens was vague, exaggerated, and unpersuasive and his statements regarding his activities of daily living were inconsistent with the objective record. (Tr. 15.) The ALJ found that given Jaco's limited financial resources, the renewal of his hunting and fishing licenses suggested that he continued to hunt and fish more frequently than he alleged. (Tr. 15.) The ALJ also referred to Jaco's poor earnings history. (Tr. 15.) Finally, the ALJ noted that Jaco was observed by state disability investigators driving an hour to and from his home for his consultative examination.

Based upon a review of the record as a whole, the Court finds that the ALJ's credibility assessment was supported by substantial evidence. All of the factors considered by the ALJ can be considered when assessing credibility in social security disability case. *See Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008) (If an ALJ explicitly discredits a claimant's testimony and gives good reasons for doing so, deference is given to the ALJ's credibility determination); *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ can disbelieve subjective complaints if there are inconsistencies in the evidence as a whole and lack of corroborating evidence is just one of the factors the ALJ considers); *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Circuit

2005) (significant daily activities may be inconsistent with claims of disabling pain); *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004) (claimant's credibility lessened when considering sporadic work record reflecting relatively low earnings and multiple years with no reported earnings); *Anderson v. Barnhart*, 344 F.3d 809, 815 (8th Cir. 2003) (a claimant's misuse of medications is a valid factor in an ALJ's credibility determination). The ALJ considered several factors in evaluating Jaco's credibility. He provided good reasons for the credibility determination and his determination was supported by the record. Based on the foregoing, the Court finds that the ALJ's credibility determination was supported by substantial evidence in the record as a whole.

   **B.   RFC Determination**

Next, Jaco contends that the ALJ made several errors when determining his RFC. Jaco states that the ALJ's determination that he could perform light work limited to occasional overhead reaching bilaterally is not supported by evidence in the record and is based on the ALJ's layperson interpretation of the record. Jaco states that the ALJ should have obtained additional evidence to assesses his physical functional limitations. Jaco also contends that the ALJ failed to include limitations that would address his COPD and cervical radiculopathy.

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

5

descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. §§ 404.1527(b), 416.927(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009).

Based on a careful review of the evidence in the record as a whole, the Court finds that the ALJ's RFC determination is not supported by substantial evidence in the record as a whole. The ALJ has a duty to fully develop the record. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) (internal citation omitted). In some cases, this duty requires the ALJ to obtain additional medical evidence, such as a consultative examination of the claimant, before rendering a decision. *See* 20 C.F.R. §§ 404.1519a(b), 416.1519a(b). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) Therefore, "[a]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). There is no bright line test for determining when the Commissioner has failed to develop the record and the determination is made on a case by case basis. *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994).

The Court has carefully reviewed the medical evidence in this case and determined that the ALJ should have obtained additional evidence regarding Jaco's physical functional

6

limitations. There is no evidence in the record regarding Jaco's ability to perform work related functions on a regular and continuing basis. The RFC determination in this case is speculative at best. Dr. Gardner's consultative examination while helpful, along with the other medical evidence of record, does not provide a complete picture of Jaco's RFC. Therefore, the Court will reverse and remand so that the Commissioner can obtain additional information.

Because the Court will reverse and remand this action for additional evidence and a new RFC determination, the Court will not address Jaco's arguments regarding the use of the medical-vocational guidelines.

## IV. Conclusion

Based on the foregoing, the Commissioner's decision is reversed and remanded. Upon remand, the ALJ shall obtain additional evidence to determine Jaco's physical functional limitations in performing work related activities and render a new residual functional capacity determination. The Court is aware that upon remand, the ALJ's decision as to non-disability may not change after addressing the deficiencies noted herein, but the determination is one the Commissioner must make in the first instance. *See Buckner v. Apfel*, 213, F.3d 1006, 1011 (8th Cir. 2000) (when a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings); *Leeper v. Colvin*, No. 4:13-CV-367 ACL, 2014 WL 4713280 (E.D. Mo. Sept. 22, 2014) (ALJ duty to make disability determination).

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Jaco seeks in his Complaint and Brief in Support of Plaintiff's Complaint is **GRANTED in part and DENIED in part**. [Docs. 1, 14.]

**IT IS FURTHER ORDERED** that the Commissioner's decision of April 18, 2013 is **REVERSED** and **REMANDED**.

**IT IS FURTHER ORDERED** that upon remand the ALJ must obtain additional evidence to determine Jaco's physical functional limitations in performing work related activities and render a new residual functional capacity determination.

Dated this 24th day of March, 2015.

                                                                             /s/ Nannette A. Baker
                                                                             NANNETTE A. BAKER
                                                                             UNITED STATES MAGISTRATE JUDGE